**AFFIRMED; Opinion Filed March 27, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-00163-CV**

**No. 05-18-00164-CV**

**IN THE INTEREST OF M.A.A., A CHILD**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause Nos. 1-09-843, 1-15-76**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Nowell

Sherry Rhodes, appearing pro se,[1] filed a single notice of appeal in two cause

numbers. The notice of appeal recites three orders are being challenged: (1) the

January 29, 2018 order in trial court cause number 1-09-843 (appellate cause number

05-18-00163-CV); (2) the "open-court permitted interlocutory ruling [of] January

24, 2018" in trial court cause number 1-15-76 (appellate cause number 05-18-00164-

---

[1] Rhodes also seeks to appear on behalf of her daughter, Brenna Rhodes. As we previously explained in our order dated April 18, 2018, Rhodes, as a layperson, cannot represent other people. We ordered the appeals proceed with Rhodes as the sole appellant.

CV); and (3) the "order dated January 24, 2018" in trial court cause number 1-15-76 (appellate cause number 05-18-00164-CV).[2]

In the trial court, Rhodes filed a motion to revoke both a mediated settlement agreement and the trial court's January 24, 2010 final order based on "breach of contract/agreement" and "failure to perform, extortion and fraud upon the court." The trial court's January 29, 2018 order dismissed all claims in that motion as well as all claims raised in a second motion filed by Rhodes seeking to set aside the mediated settlement agreement and final order "based on fraud, conspiracy, undue influence, coercion and crime upon the court."

Trial court cause number 1-15-76 is a bill of review proceeding. The record contains the transcript of a hearing held on January 24, 2018, where the trial court considered numerous motions, including a no-evidence motion for summary judgment in cause number 1-15-76. At the end of the hearing, the trial court judge announced his ruling on the motions; the court granted the no-evidence motion for summary judgment. The record does not reflect a separate "order dated January 24[th]" in that cause, but contains an order signed January 29, 2018 dismissing the bill of review proceeding in its entirety.

After the trial court entered these orders, the court held another hearing on February 21, 2018. The transcript from the February 21, 2018, shows Rhodes and

---

[2] We previously provided factual background underlying the parties' dispute in *In Interest of M.A.A.*, No. 05-14-01180-CV, 2016 WL 4442839, at *1 (Tex. App.—Dallas Aug. 23, 2016, no pet.) (mem. op.).

counsel for the other parties were present. The record includes the following dialogue:

> MR. SMITH: [3] Your Honor, I have spoken with Ms. Rhodes and with Mr. White. . . All the parties are here. We have agreed to something, and we want to state an agreement on the record pursuant to Texas Rules [sic] of Civil Procedure 11.
>
> THE COURT: All right.
>
> [Counsel]: And that agreement is that the parties are going to agree to dismiss all competing claims against each other. In other words, Ms. Rhodes is going to dismiss her complaints against the defendants in both cases. That would be in Cause Number [sic] 1-09-843 and 1-15-76. In addition to that - - in addition to Ms. Rhodes' dismissal of claims in those two cases, Susan Wright, my client, is dismissing all affirmative claims that she seeks against Ms. Rhodes, any other claims that she seeks against Ms. Rhodes with prejudice, as is [sic] Mr. White's clients, Michael Goodman and David Rohlf. They are dismissing all of their claims, affirmative claims against Ms. Rhodes with prejudice, and any other competing claims will be resolved by dismissal with prejudice to the refiling of the same.
>
> So all claims, whether by the plaintiff in both cause numbers, that being the plaintiff, Ms. Rhodes, and to the extent that there has been a claim suggested to be in effect by Ms. Rhodes on behalf of Breena Rhodes, all those affirmative claims are dismissed with prejudice as are the responding or independent claims against Ms. Rhodes asserted by all other parties in the case. Those are dismissed with prejudice. So agreed by defendant Susan C. Wright.
>
> Ms. Rhodes, is that your agreement?
>
> MS. RHODES: I agree.
>
> MR. SMITH: And Mr. White?
>
> MR. WHITE: We would agree if all parties are going to dismiss all claims of causes of action with prejudice, as well as waive any right to

---

[3] David Smith and Todd White represent other parties to the litigation.

appeal. Notices of appeal have been filed, and we will not reach this agreement without that.

MR. SMITH: That's a valid point.

MS. RHODES: I agree, Your Honor.

MR. SMITH: This would be dismissal of everything. And, Ms. Rhodes, that would be your withdrawal of the notices of appeal you gave in both cases.

MS. RHODES: I'm not sure how to do that, but I will figure it out.

MR. SMITH: Well, you can do it just by agreeing on the record.

MS. RHODES: Okay.

MR. SMITH: . . . Do you agree to withdraw your notices of appeal in both cases?

MS. RHODES: Yes, I do.

MR. SMITH: As part of this agreement?

MS. RHODES: Yes.

Following the hearing, on February 21, 2018, the trial court issued an order of dismissal with prejudice. The order recites:

> The Parties announced to the court an agreement to dismiss all pending claims arising from or in connection with the claims asserted by Sherry Rhodes individually . . . The court finds the agreement to be freely and voluntarily made as between the Parties and that the same should be granted. The court finds that Sherry Rhodes individually and to the extent that she appears on behalf of Breena Rhodes has agreed to waive her notice of appeal in this cause.
>
> It is therefore ordered, adjudged and decreed that the claims of Sherry Rhodes and Breen Rhodes asserted or that could have been asserted in this cause against David Rohlf, Michael Goodman, Suzan Wright, Gary Arey, Shawn Richards, Anne Marie Jordan, Carese Burack, Andy Aikens, and Nancy Aikens be and hereby are dismissed with prejudice to the refiling of the same.

–4–

It is further ordered that any and all claims for relief asserted against Sherry Rhodes and/or Breena Rhodes by Respondents David Rholf [sic], Michael Goodman, Susan Wright or any other party to the Motion be and hereby are dismissed with prejudice to the refiling of the same.

It is further ordered, pursuant to the agreement of the parties, that the Notice of Appeal filed by Sherry Rhodes, individually and to the extent she has proceeded on behalf of Breena Rhodes, be and hereby is withdrawn.

Pursuant to the parties' Rule 11 agreement, all parties, including Rhodes, agreed to dismiss all claims with prejudice. *See* TEX. R. CIV. P. 11 (". . . no agreement between attorneys or parties touching any suit pending will be enforced . . . unless it be made in open court and entered of record."). The trial court then issued its order of dismissal consistent with the parties' Rule 11 agreement. All complaints Rhodes raises in this appeal relate to the claims and complaints she has raised in these cases; however, she agreed to dismiss these claims with prejudice, and the trial court memorialized that agreement in its February 21, 2018 order.

Rhodes also did not file a motion for new trial or take any other action to preserve any error in the trial court. *See* TEX. R. APP. P. 33.1 (preservation of error). On appeal, Rhodes does not argue the February 21, 2018 Rule 11 agreement announced on the record in open court or the trial court's order of dismissal is unenforceable for any reason. The record shows the parties agreed to dismiss all pending claims with prejudice, the trial court then ordered all claims dismissed with prejudice, and Rhodes made no effort to preserve any error in the trial court. We conclude Rhodes presents nothing for our review.

We affirm the trial court's order of dismissal.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180163F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF M.A.A., A
CHILD

No. 05-18-00163-CV

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-09-843.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 27th day of March, 2020.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.A.A., A
CHILD, Appellant

No. 05-18-00164-CV

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-15-76.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 27th day of March, 2020.